### BUCKNER LUTER v. THE STATE.
#### *No. 31.   Decided April 22.*

**1. Intimidation of Another—Information.**—Article 495b of the Penal Code provides, "that any person who shall, by threatening words, or by acts of violence or intimidation, prevent or attempt to prevent another from engaging or remaining in or from performing the duties of any lawful employment, shall be guilty of a misdemeanor," etc.  *Held*, that an information brought under this article, to be sufficient, must set forth "the lawful employment" in which the party interfered with was engaged.

**2. Evidence.**—See facts stated *held* wholly insufficient to support a prosecution and conviction for the intimidation of another, and the interference with his lawful employment.

APPEAL from the County Court of Goliad.    Tried below before Hon. J. L. BROWN, County Judge.

The information charged, that defendant " did, by threatening words and acts of intimidation, prevent and attempt to prevent Willis Lipscomb from engaging and remaining and performing the duties of a lawful employment."   It failed to allege the nature of the lawful employment in which Lipscomb was engaged, and defendant's motion in arrest of judgment, based upon the insufficiency of the information in this respect, was overruled.   At the trial appellant was found guilty, and his punishment assessed at a fine of $25.

The principal facts in evidence are stated in the testimony of the alleged injured party, Willis Lipscomb, who testified:  "I reside on Mr. Sol Parks' place in Goliad County, and am in the employment of Mr. Parks.   Mr. Parks has me employed to keep his pasture gate closed at the point where the Goliad and Victoria road enters said pasture.   I reside in a house near the gate, and cultivate a small piece of ground there.   On the 21st day of February, 1892, defendant, Buckner Luter, passed through the gate and did not fasten it.   I called to him and told him to fasten the gate.   He replied that he would not do it, and got mad.   He and I had a quarrel, and he finally said to me, 'If you do not quit stopping me when I come through this gate, I will run you off through this timber and make you beat your brains out against one of those trees.'   This occurred in Goliad County, Texas."

Cross-examination: " The defendant closed the gate when he passed through, but did not fasten it.   The fastening to the gate was a piece of barbed wire twisted together, and placed over the gate post, and intended to be placed over the top of the front part of said gate.   There were no stile blocks nor hitching posts on either side of said gate.   I was not the least bit afraid of the defendant when he and I were quarrelling.   I did not see anything to be afraid of.   What he said did not frighten me in

the least. He did not do anything to keep me from performing the duties of my employment."

*Burns & Pope*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The information charges, that appellant " did then and there, by threatening words and by acts of intimidation, prevent, and attempt to prevent, Willis Lipscomb from engaging and remaining and performing the duties of a lawful employment, against the peace and dignity of the State."

1. The motion in arrest of judgment was well taken. The information should have set forth the lawful employment in which Lipscomb was engaged. As stated, it is but the conclusion of the pleader.

2. It is contended that the evidence is not sufficient to support the conviction. We believe this position also well taken. Lipscomb testified, that " Mr. Parks has me employed to keep his pasture gate closed at the point where the Goliad and Victoria road enters said pasture. I reside in a house near the gate, and cultivate a small piece of ground there. On the 21st day of February, 1892, defendant, Buckner Luter, passed through the gate, and did not fasten it. I called to him, and told him to fasten the gate. He replied that he would not do it, and got mad. He and I had a quarrel, and he finally said to me, ' If you do not quit stopping me when I come through this gate, I will run you off through this timber, and make you burst your brains out against one of these trees.' " The defendant closed, but did not fasten the gate, when he passed through.

It would seem that the whole duty and scope of Lipscomb's employment was to keep Parks' gate closed. It did not comprehend any obligation on his part to abuse or raise difficulties with the passing public. If so, this was certainly not a lawful employment, and in threatening to make him run against a tree, defendant did not interfere, or threaten to interfere, with his lawful employment.

Because the information is fatally defective, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*

Judges all present and concurring.