OLIVER BREELAND ET AL. *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.　*Laws 1898, ch. 70, p. 87.　White-capping.　Intimidation.　Indictment.　Single count.　Duplicity.*

　　The act of 1898 (Laws 1898, p. 87) making it a felony for a person, by threats of injury, to intimidate another into changing or abandoning his home or employment, creates two distinct offenses, and it is not permissible to charge them both in the same count of an indictment.

2. SAME.　*Necessary averments.*

　　An indictment under the statute for intimidating another into a change or abandonment of his home must aver in direct and positive terms that the injured party had a home; and if the indictment be for intimidating another into a change or abandonment of his employment, it must aver in the same manner that the injured party had an employment.

3. SAME.

　　It is necessary under the statute, if the charge be for intimidating another into a change or abandonment of his employment, that the indictment should define, in general terms at least, the nature of the business in which the person intimidated was employed, and to show that the employer was a natural person, copartnership or corporation, as the case may be.

4. SAME.　*Unnecessary averments.*

　　It is unnecessary under the statute that an indictment for either of the offenses should show whether the threats were verbal or written, direct or implied.

FROM the circuit court of Pike county.

·HON. JEFFERSON TRULY, Judge.

Breeland and others, appellants, were indicted, tried and convicted in the court below of whitecapping, violating the act

entitled, "An act to suppress whitecapping and like forms of intimidation," approved February 11, 1898 (Laws 1898, p. 81), and appealed to the supreme court. The opinion of the court states the facts.

*R. N. Miller, J. B. Sternberger* and *E. J. Simmons,* for appellants.

The charge against appellants is purely statutory, and the felonies for which they were indicted were created by the act of 1898, ch. 70, p. 87. The rule is well established that an indictment for a purely statutory crime, where the words of the statute are broader than its purpose and the prohibited act does not clearly appear, or where under certain circumstances one can do lawfully the thing forbidden, it is necessary to depart from the letter of the statute and indict in words aptly charging the offense, as was held in *Sullivan* v. *State,* 67 Miss., 346. An indictment in the words of the statute is only sufficient if the statutory language is so specific as to give notice of the act made unlawful and is so exclusive as to prevent its application to other acts. *Jesse* v. *State,* 28 Miss., 100; *Commonwealth* v. *Odlin,* 23 Pick., 275; 1 Bishop's Criminal Procedure, sec. 623; *State* v. *Bardwell,* 72 Miss., 535; Hughes' Criminal Law and Procedure, sec. 270. The rule is too well established to need discussion. Whitecapping comes within the rule. To inform one of the accusation against him under the act of 1898, the indictment must charge that the threats were verbal or in writing, as the fact may be; it should charge what words were used to constitute the threats, because the meaning of the language is for the court to determine. Whether the threats were expressed or implied should have been averred. The indictment should have charged that the person attempted to be intimidated had a home which he could abandon, and that he had an employment which he could leave. If the injured party had neither home nor employment the appellants could not be guilty. To intimidate a tramp to "move on" is not a crime under the statute.

To intimidate a person into abandoning an unlawful employment is not a crime. The indictment was fatally defective, and the demurrer to it should have been sustained. Besides, the indictment really charges two felonies in one count, and it should have been held insufficient because of duplicity.

*Monroe McClurg,* attorney-general, for appellee.
[The brief of the attorney-general is lost from the record.]

Argued orally by *R. N. Miller,* for appellants, and by *Monroe McClurg,* attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

By a bill of indictment duly returned into the circuit court of Pike county, it was charged that Oliver Breeland, William Breeland, and Felder Crow, in said county, on the 26th day of August, A.D. 1901, did then and there unlawfully, willfully, and feloniously, by threats of injury to his person and that of his family, and by shooting into the dwelling house of Tobias Brumfield, then and there occupied by his family, attempt to intimidate the said Tobias Brumfield into an abandonment and change of his home and employment, contrary and against, etc. These parties were jointly tried for said crime, and, being convicted and sentenced to the penitentiary, they appeal their case to this court, and assign sundry errors in the action of the circuit court.

The indictment is based upon ch. 70, laws 1898, which provides "that any person or persons who shall, by placards or other writing, or verbally, attempt by threats, direct or implied, of injury to the person or property of another, to intimidate such other person into an abandonment or change of home or employment, shall, upon conviction, be fined not exceeding $500, or imprisoned in the county jail not exceeding six months, or in the penitentiary not exceeding five years." The statute above quoted makes it a felony for any person, by

threats, verbal or in writing, direct or implied, to the person or property of another, to attempt to intimidate such other person into an abandonment or change of his home or employment; and if the indictment above set out charges with legal precision that Tobias Brumfield had a home in Pike county, and also had employment there with the Banner Lumber Company, it must be apparent that the appellants are charged in a single count of the indictment with two separate and distinct felonies, which is not permissible under the rules of law governing this subject. But a casual glance at the indictment will disclose the want of any allegation that Tobias Brumfield was in the employment of the Banner Lumber Company. A closer inspection will verify the statement that the indictment does not charge in direct and positive terms that Tobias Brumfield had a home in Pike county. Inferentially it may be assumed that Tobias Brumfield had a home in Pike county, but the fact itself is not averred in such plain and direct terms as the rules of law require in the essential parts of an indictment. If the averment of the indictment had alleged the existence of Tobias Brumfield's home in said county, it could have availed nothing towards the conviction of appellants, because there is not a line or word of proof in this record tending to show that the defendants desired Brumfield to change his home, or that the threats made by them related to that subject. The evidence in this record distinctly shows that the persons who committed this wrong, when they came to the house occupied by Tobias Brumfield and his family, and by Charles Magee, who boarded and lodged at Brumfield's house, and who was in the service of the Banner Lumber Company in some character not alleged or shown in evidence, they cried out: "Hey, negroes! We come to give you fair warning. No more working for the Banner Lumber Company," and discharged their firearms into the front part of said house occupied as aforesaid; and this declaration, with the accompanying shooting, clearly implied, as we interpret such words and conduct, a threat of personal injury to the persons there being who were in the em-

ployment of the Banner Lumber Company; but, for want of an allegation that Brumfield was in the employment of the Banner Lumber Company, the proof of such employment could have availed nothing. For, while in civil cases proof of a clear right of recovery will support a cause of action thus proven, and uphold a judgment rendered thereon, though not stated in the pleading, because such matter amounts only to a variance, which will not avail the losing party, because by not objecting he has waived his right to have the matter pleaded upon the record, yet in criminal cases the cause of accusation must be stated in writing, and charged in such terms as import a specific crime, and upon such charge a conviction, if had, must rest. But in fact Tobias Brumfield was not in the employment of the Banner Lumber Company. In his evidence he distinctly and repeatedly says he was not in its employment. Ellis Brumfield, the only other witness on that point, testified that Tobias Brumfield engaged to take employment with the Banner Lumber Company the coming week; and from his evidence it is perfectly manifest that at the time of the alleged offense Tobias Brumfield was not in the employment of the Banner Lumber Company.

We think it unnecessary that the indictment, under this act, should state whether the threats were verbal or in writing— whether direct or implied—as these matters relate merely to the proof. In this case the threat is implied, arising from the declaration, "Hey, negroes! We come to give you fair warning. No more working for the Banner Lumber Company," accompanied by the shots fired into the house where the employees of the Banner Lumber Company were; and the threat implied was, "Quit the employment of the Banner Lumber Company, or take the contents of our firearms." We think it essential, under this act, that the indictment should define in some general terms the nature of the business conducted by the Banner Lumber Company, and should allege that the persons attempted to be intimidated were in the employment of the Banner Lum-

ber Company, in the business specified as being conducted by it, and, of course, it should be a business allowed by law; and the indictment should describe the Banner Lumber Company, either as a corporation or a firm of individuals, according to the usual course of pleading on that point. If both crimes created by the act are intended to be charged, they should be set out in separate indictments, or in separate counts. Without noticing in detail all the complaints made, we think what we have said will be a sufficient guide to the court in reference to any further proceedings in this case.

*Reversed and remanded.*