Argued October 31, reversed November 28, affirmed on rehearing December 12, 1916.

## STATE v. GOODALL.*

(160 Pac. 595.)

**Criminal Law—Justices of the Peace—Jurisdiction of Subject Matter cannot be Waived.**

1. On appeal from a conviction in a Justice's Court, the only jurisdiction acquired by the Circuit Court is simply that of an appellate tribunal, and once a question of jurisdiction presents itself in any stage of a proceeding, and it is discovered that the court has no jurisdiction of the subject matter, it is the duty of the court to refuse to proceed further, for jurisdiction over the subject matter cannot be waived.

[As to power of Superior Court with respect to justice's judgment where transcript has been filed in that court, see note in Ann. Cas. 1914A, 415.]

**Criminal Law—Indictment and Information—Sufficiency of Statement —Statutes.**

2. Where the facts stated in the complaint show that the defendant has done something that the law prohibits, such pleading is sufficient

---

*An indictment not charging the means of "torture," when directly raised, has been held insufficient in *State* v. *Watkins,* 101 N. C. 702 (8 S. E. 346), and sufficient in *State* v. *Falkenham,* 73 Md. 463 (21 Atl. 370).      REPORTER.

under the statute, and any objection to the information is waived by failure to specifically demur, on the ground that it does not set out the offense with the particularity required by Title XVIII, Chapter 7, of Civ. Code, except as to the jurisdiction of the court or that the complaint does not state facts sufficient to constitute a crime.

**Pleading—Special Demurrer—Statutes.**

3. Special demurrers are now abolished; therefore the statute contemplates but one demurrer to a pleading, and any objections not set forth therein are waived, unless they go to the jurisdiction of the court or to the point that the facts stated do not constitute a crime: Sections 1491, 1499, L. O. L.

From Union: JOHN W. KNOWLES, Judge.

In Banc. Statement by MR. JUSTICE BENSON.

Upon a trial before a justice of the peace, the defendant, Scott Goodall, was convicted of the crime defined by Section 2103, L. O. L., from which judgment he took an appeal to the Circuit Court, where, upon a trial being had, he was again convicted and sentenced, and now prosecutes his appeal to this court.

REVERSED. AFFIRMED ON REHEARING.

For appellant there was a brief over the names of *Mr. Turner Oliver* and *Mr. Joel H. Richardson,* with an oral argument by *Mr. Oliver.*

For the State there was a brief with oral arguments by *Mr. Colon R. Eberhard,* District Attorney, and *Mr. Geo. M. Brown,* Attorney General.

MR. JUSTICE BENSON delivered the opinion of the court.

1. The jurisdiction of a justice of the peace to try criminal cases is limited by Sections 2411 and 2412, L. O. L., to the crimes enumerated in the former and the maximum penalties named in the latter. Cruelty to animals is not included in the sections mentioned in

Section 2411, and the maximum penalties named in Section 2103 exceed the limit prescribed in Section 2412. The power of the justice in this case was confined to conducting a preliminary examination with a view to a subsequent investigation of the charge by a grand jury. The only jurisdiction acquired by the Circuit Court was simply that of an appellate tribunal. In *Evans* v. *Christian,* 4 Or. 375, this court says:

"If the court below had no jurisdiction to proceed, this court, which possesses only appellate jurisdiction, could acquire none by the appeal. And when a question of jurisdiction presents itself in any stage of a proceeding, and it is discovered that the court has no jurisdiction, either over the parties or the subject matter of the cause, it is the duty of the court on its own motion to refuse to proceed further. Any attempt to exercise judicial functions otherwise than as authorized by law would be a nullity and an idle waste of time."

Nor can the lack of jurisdiction of the subject matter be waived: 12 Cyc. 228. It follows that the judgment of the lower court must be reversed and the cause dismissed, and it is so ordered.

Reversed. Affirmed on Rehearing.

———

Affirmed on rehearing December 12, 1916.

On Petition for Rehearing.

(160 Pac. 595.)

*Mr. Colon R. Eberhard,* District Attorney, and *Mr. George M. Brown,* Attorney General, for the petition.

*Mr. Turner Oliver* and *Mr. Joel H. Richardson, contra.*

In Banc.  MR. JUSTICE BENSON delivered the opinion of the court.

2. In the former opinion herein we dismissed the action upon the theory that the justice of the peace, before whom the trial was originally had, was without other jurisdiction in the premises than that of a committing magistrate, and we did not then consider any other of the questions raised upon the appeal. Since then our attention has been called to the fact that Section 2103, L. O. L., upon which the complaint is based, is composed of Sections 1 and 2 of an act passed by the legislature in 1885, and that Section 8 of that act survives as Section 5642, L. O. L., and reads thus:

"Justices of the peace and police judges shall have concurrent jurisdiction over all offenses committed under this act."

Our former opinion, therefore, was clearly erroneous, and we shall now consider the assignments of error upon which the appeal is based. The charging part of the complaint under which the defendant was tried and convicted reads as follows:

"The said Scott Goodall, on the twenty-first day of September, 1915, in Union County, State of Oregon, did then and there cruelly torment and torture a cow then and there being in said county and state contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Oregon."

To this complaint the defendant interposed a demurrer in the following language:

"Comes now the defendant in the above-entitled case and demurs to the information filed herein for the reason that the same does not state facts sufficient to constitute a crime."

The demurrer was overruled and a trial was had resulting in the conviction of the defendant. He then appealed to the Circuit Court, where the same was again argued, submitted and overruled, whereupon the defendant without leave of court filed another demurrer based upon the ground that the complaint does not substantially conform to the requirements of Chapter VII of Title XVIII of the Code of Procedure in criminal actions, which, upon motion of the district attorney, was stricken from the files.

Defendant first insists that it was error to overrule the demurrer filed in the Justice's Court, but this contention is not tenable. The complaint is in the language of the statute, and, as has been well said by the learned circuit judge:

"The facts stated in the complaint show that the defendant has done something that the law prohibited."

His criticism of the pleading appears to be that the acts constituting the alleged cruelty are not set out with such particularity as is required by Chapter VII of Title XVIII of the Code, an objection which is waived by a failure to demur specifically upon that ground. As is said in *State* v. *Bruce,* 5 Or. 68:

"But having slept upon his rights by failing to demand, by demurrer, a fuller specification of the facts and circumstances necessary to the complete identification of the transaction charged against him as a crime, he cannot be heard to object to the indictment after a trial upon the merits, when it substantially charges a crime in the language of the statute."

3. It is next urged that the court erred in striking from the files the "special demurrer." It may be remarked in passing that special demurrers, as known to the common law, are now abolished, but the prin-

ciple survives that "the demurrer shall distinctly specify the grounds of objection to the complaint," and the statute contemplates but one demurrer to a pleading, and objections not specified therein are waived unless they go to the jurisdiction of the court or to the point that the facts stated do not constitute a crime: Section 1499, L. O. L. It follows that the filing of the demurrer in the Justice's Court waived the objections sought to be raised by the second demurrer, and it was then too late to bring them into the record, for which reason the Circuit Court did not err in striking it from the files: *State* v. *Mack,* 20 Or. 234 (25 Pac. 639); *Byers* v. *Ferguson,* 41 Or. 77 (65 Pac. 1067, 68 Pac. 5).

It is also contended that the court erred in overruling defendant's objection to the admission of evidence, for the reason that the complaint is insufficient. There is no bill of exceptions in the record, and so this question is not properly before us, but if it were, what has been said as to the other assignments would dispose of it also. The judgment should be affirmed, and it is so ordered.     AFFIRMED ON REHEARING.