Argued October 18; affirmed November 28, 1944

# STATE *v.* DU BOIS

(153 P. (2d) 521)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*W. C. Winslow,* of Salem, for appellant.

*M. B. Hayden,* District Attorney, of Salem, for respondent.

BELT, J.

Defendant, a married man fifty years of age, was convicted of the crime of contributing to the delinquency of a minor.

The sufficiency of the indictment is challenged—the charging part of which is as follows:

> "LEON DuBOIS is accused by the Grand Jury of the County of Marion and State of Oregon, by this indictment of the crime of CONTRIBUTING TO THE DELINQUENCY OF A MINOR—Section 23-1034 O. C. L. A. committed as follows:

> The said LEON DuBOIS on the 24th day of October A. D. 1943 in the County of Marion and State of Oregon then and there being, and one * * * (Miss X) then and there being an unmarried female child, under the age of 18 years, the said Leon DuBois did then and there unlawfully and feloniously by threats, command and persuasion, induce said minor female child to do and perfrom certain acts, and to follow a course of conduct, to-wit: did keep said minor child out late at night without the knowledge and consent of her parents; did fondle and manipulate the private parts and person of said minor child, a more particular description of which is too repulsive and indecent to be set forth in more detail herein; did carnally know and have sexual intercourse with said minor child; and did supply said minor child with certain drugs to prevent pregnancy, all of which said acts and course of conduct on the part of the said defendant did manifestly then and there tend to cause the said * * * (Miss X) to become a delinquent child."

The true name of the young girl will be omitted. Being a victim rather than an accomplice, she will be designated herein as Miss X.

It is contended that the indictment fails to state facts sufficient to constitute a crime in that the defendant is not charged with having committed any overt act. Appellant asserts that the acts specifically set forth in the indictment are alleged to have been acts of the minor girl and not those of the defendant. It is further contended, as an alternative proposition, that if the indictment be construed as stating a crime then it is vulnerable to demurrer because it states more than one crime.

The indictment was first attacked by a demurrer upon the ground that more than one crime is charged therein. The demurrer was overruled and the cause came on for trial. At the commencement thereof, defendant interposed an objection to the introduction of any evidence for the reason that the indictment failed to state facts sufficient to constitute a crime. After verdict and judgment of conviction, defendant, by motion in arrest of judgment, again attacked the indictment on the same ground and, in addition thereto, alleged that if the indictment ''charges any crime at all, more than one crime is charged therein.''

 It is observed from the above statement of the record that defendant did not assert until after he had entered his plea of not guilty that the indictment was insufficient in that no crime was charged. Prior to the plea of not guilty, it was the contention of the defendant, as evidenced by the demurrer, that the indictment stated more than one crime. True, the indictment can at any stage of the proceedings—

even here for the first time on appeal—be challenged on the ground that it does not state facts sufficient to constitute a crime, but courts do not look with favor upon such delay in the attack. When a general demurrer is interposed, the indictment is construed strictly against the pleader, but in the absence thereof, it is entitled to a more liberal construction. As said in Joyce on Indictments (2d Ed.) § 346:

"It seems to be the modern rule that all attacks on the indictment should be properly made before plea in bar and certainly before trial and the courts do not look with favor on delay in raising these questions although the rule still holds good that in a plain case of vital defect in stating a crime may be taken advantage of at any time ° ° °"

The purpose of an indictment is to clearly and definitely apprise a person of the crime with which he is charged in order that he may prepare his defense: *State v. King,* 165 Or. 26, 103 P. (2d) 751; *State v. Miller,* 119 Or. 409, 243 P. 72. The indictment must, under § 26-703, O. C. L. A., contain a "statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." However, if the indictment clearly and definitely states facts sufficient to constitute a crime, the mere fact that some of the allegations thereof are indefinite and uncertain does not render it vulnerable to a general demurrer. If defendant desired such allegations to be more definite and certain as to the particulars of the commission of the alleged crime, he should have demurred upon the ground specified in § 26-832 O. C. L. A., viz.: "that it does not substantially conform to the requirements of

Chapter 7, Title 26" of the penal code. A failure to demur upon such ground results in a waiver thereof: *State v. Estabrook,* 162 Or. 476, 91 P. (2d) 838; *State v. Goodall,* 82 Or. 329, 160 P. 595; *State v. Bruce,* 5 Or. 69, 20 Am. Rep. 734. In the latter case it was said:

"But having slept upon his rights by failing to demand, by demurrer, a fuller specification of the facts and circumstances necessary to the complete identification of the transaction charged against him as a crime, he cannot be heard to object to the indictment after a trial upon the merits, when it substantially charges a crime in the language of the statute."

■ Appellant speaks of the indictment as "no more than a meaningless conglomeration of words." That statement seems extreme although it is charitable to say that the indictment falls far short of being a model pleading. If some of the words in the indictment are construed in their literal sense, the defendant is charged only with having *induced* the girl to do certain specified acts, some of which we submit, however, would manifestly tend to cause her to become a delinquent child.

Section 23-1034 O. C. L. A., in reference to causing or contributing to the delinquency of a child, provides:

"In all cases where a child shall be a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquensy of such child, or any person who shall by threats, command or persuasion, endeavor to induce any child to do or perform any act or follow any course of conduct which would cause such child to become a delinquent child, or any person who shall do any act which manifestly tends to cause any child to become a delinquent child, shall be guilty of a crime * * *."

Child delinquency, in so far as applicable herein, is thus defined in § 93-603 O. C. L. A.:

"* * * Persons of either sex under the age of eighteen years who violate any law of the state, or any city or village ordinance; or persistently refuse to obey family discipline; * * * or are guilty of immoral conduct; * * * are hereby classed as delinquent children * * *."

When the indictment is considered in its entirety—and particularly with reference to the nature of the acts alleged to have been committed—we think it was the intention of the pleader to charge the defendant with having committed the wrongful acts in question. Under either construction, however, the indictment charges the defendant with the commission of the crime of contributing to the delinquency of a minor and it must have been so understood by him. It can hardly be said that the defendant, after reading the indictment, did not know the nature of the accusation against him, even though the intention of the pleader was poorly expressed.

The circuit judge, in instructing the jury, construed the indictment in keeping with the contention of the state and there was no exception by the defendant to such instruction. We think the defendant is now bound thereby since, in our opinion, the indictment charges the commission of a crime.

██ The indictment does not state more than one crime. All the acts charged are relevant to the one offense of contributing to the delinquency of a minor girl and are a part of the same transaction. If defendant induced this minor girl to have sexual intercourse with him, it would manifestly tend to make her a delinquent child. It would be one of the means of accomplishing

her delinquency. The fact that he might be prosecuted for such act as a separate and distinct offense is beside the question. *State v. Laundy,* 103 Or. 443, 204 P. 958, 206 P. 290, is not to the contrary. While that case involved the violation of the criminal syndicalism act, the rule applicable herein is thus stated by the court:

> "In this jurisdiction it is not permissible to join two or more counts in a single indictment. An indictment must in the language of our statute 'charge but one crime,' and consequently if an indictment charges a defendant with two or more distinct and substantive offenses, it is bad for duplicity. If, however, the facts charged constitute but a single offense, the indictment is not duplicitous, and therefore acts which form component parts of a single transaction may be charged together, and acts entering into a single and continuous transaction ordinarily can be charged together * * *."

Also see 27 Am. Jur. 684, Indictments and Informations, § 124, wherein it is stated:

> " * * * the rule that one offense only can be charged in one count of an indictment does not preclude the charge in the same count of several acts relating to the same transaction and together constituting only one offense, * * *"

The court did not err in admitting evidence of sexual intercourse between the defendant and this girl on various occasions within a period of time not barred by the statute of limitations. Ordinarily, moral delinquency is not accomplished over night. It may be the result of continuous wrongful acts all of which form an inseparable transaction. Such evidence not only tends to show the intent with which the alleged crime was committed, but also the sexual inclination or lustful disposition of the defendant towards this young girl:

*State v. Ewing*, 174 Or. 487, 149 P. (2d) 765; *State v. Gillis*, 154 Or. 232, 59 P. (2d) 679; *People v. Wilhite*, 49 Cal. App. 246, 193 P. 151; Underhill's Criminal Evidence (4th Ed.) § 186; Wharton's Criminal Evidence (11th Ed.) § 356; 16 C. J. 596, Criminal Law § 1152.

■ Exception was taken to the giving of the following instruction:

"Neither is it necessary that the testimony of ＊ ＊ ＊ (Miss X) be corroborated. Her testimony alone as to the relation between her and the defendant would be sufficient to establish that fact if her testimony satisfied you beyond a reasonable doubt."

It was the contention of the appellant that the girl in question was an accomplice and therefore it was necessary that her testimony be corroborated by other evidence tending to connect the defendant with the commission of the crime. In our opinion, the evidence shows that this girl was not an accomplice of the defendant. She was the victim: *State v. Harvey*, 117 Or. 466, 242 P. 440. Certainly it can not reasonably be contended that the girl could be prosecuted for a violation of the statute governing the delinquency of minors and, after all, that is the test as to whether she was an accomplice: *State v. Coffey*, 157 Or. 457, 72 P. (2d) 35. The instruction was a proper statement of the law.

■ Appellant contends that the following instruction is argumentative and therefore predicates error in the giving thereof:

"The law called to your attention denouncing acts and conduct manifestly tending to cause delinquency of a minor is intended for the protection of children from becoming criminal, by extending to them proper environment and placing them under proper constraint, control and protection. ＊ ＊ ＊"

We think the jury was entitled to know something about the purpose and spirit of the law under which the defendant was being prosecuted. This instruction when considered in the light of the entire charge to the jury, was not prejudicial. It was a plain and accurate statement of the law.

■ Error is assigned in admitting the testimony of Miss X about the defendant's sending her to a doctor to ascertain whether she was pregnant and also in reference to the defendant's giving her some pills to cause an abortion. If this evidence was true it would tend to establish the charge that defendant had sexual relations with this minor girl. It would also show that the girl was induced to follow a course of conduct manifestly tending to bring about her delinquency.

We see no other assignment of error that merits attention.

■ The entire transcript of the evidence and the court's instructions have been carefully studied and it is believed that defendant had a fair and impartial trial, free from reversible error. We see no need of a recital of the facts—sordid as they are—out of which this prosecution arose. Suffice it to say, there is ample evidence supporting the verdict of the jury that defendant is guilty.

It follows that the judgment is affirmed.