Argued December 16; Affirmed January 13, 1948

# STATE *v.* SMITH

188 P. (2d) 998

*William Ray Thomas,* of Lebanon (Morley & Thomas, of Lebanon, on brief), for appellant.

*Melvin Goode,* District Attorney, of Albany, for respondent.

Before ROSSMAN, Chief Justice, and KELLY, BAILEY, HAY and WINSLOW, Justices.

## HAY, J.

The defendant, Ralph Smith, was indicted, jointly with another person, for the criminal offense of having, by force, threats and intimidations, endeavored to coerce one Mike Rose, a person employed by another, from continuing and performing his work. The indictment charged that the defendants, in Linn County, Oregon,

> "* * * acting together and each aiding, abetting and assisting the other, did * * * wilfully and unlawfully by force, threats and intimidations en-.

deavor to prevent one Mike Rose from continuing and performing his work, he, the said Mike Rose, then and there being employed as a workman * * * by another, to-wit, Stebco, Inc.''

Defendant Smith pleaded not guilty, and, thereafter, demurred to the indictment on the ground that it did not state facts sufficient to constitute a crime. The demurrer was overruled, and the court proceeded to try Smith separately from his codefendant. The jury returned a verdict of guilty. Motions for a new trial and in arrest of judgment were denied, and defendant was adjudged to pay a fine and to serve a term of imprisonment in the county jail. He has appealed from the judgment.

Error is predicated upon failure of the indictment to allege specifically (a) the employment of Mike Rose and the nature of such employment, (b) the nature of the business of the employer, (c) the particular person, whether Rose, his employer, or another, against whom the alleged force, threats and intimidations were exercised, and (d) the acts constituting the alleged force, threats and intimidations.

■■ The constitution of Oregon provides that no person shall be charged in any circuit court with the commission of any crime or misdemeanor made punishable by law except upon indictment found by a grand jury. Const., Art. VII, section 18. An indictment is ''a written accusation of one or more persons of a crime or misdemeanor, preferred to, and presented upon oath by, a grand jury.'' 4 Blackstone Comm., p. 299. The objects of an indictment are (1) to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to

identify the offense so as to enable the accused to avail himself of his conviction or acquittal thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction. 27 Am. Jur., Indictments and Informations, section 2; *People v. Farson*, 244 N. Y. 413, 155 N. E. 724.

The statute upon which the indictment herein was founded, as far as pertinent herein, reads as follows:

"If any person shall, by force, threats, or intimidations, prevent, or endeavor to prevent, any person employed by another from continuing or performing his work, or from accepting any new work or employment; * * * such person shall be deemed guilty of a misdemeanor * * *."

Section 102-805, O. C. L. A.

■■ Section 11 of Article I of the state constitution guarantees to every person accused of crime the right to "demand the nature and cause of the accusation against him". We have recognized that this guaranty is absolute and is peremptorily binding upon the courts, but we have held that it does not prevent the legislature from providing for the simplification of indictments through the elimination of unnecessary verbiage. *State v. Dormitzer*, 123 Or. 165, 261 P. 426. Simplification of pleading may be of benefit to an accused, as it tends to clarify the charge against him, but it has been held that the legislature may not constitutionally authorize the omission from an indictment of allegations necessary to describe a specific crime. *Commonwealth v. Freelove*, 150 Mass. 66 22 N. E. 435. It is not within the power of the legislature to declare that to be an indictment which does not set forth those elements of

a criminal offense required by the constitution to be contained in an indictment. 27 Am. Jur., Indictments and Informations, section 2; *People v. Bogdanoff,* 254 N. Y. 16, 171 N. E. 890, 69 A. L. R. 1378. One test of the sufficiency of an indictment is that it shall be so drawn that it can be understood therefrom that the act or omission charged as a crime is clearly and distinctly set forth, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. Sections 26-703 (2) and 26-714 (6), O.C.L.A.

■ In an indictment for an offense created by statute, it is usually sufficient to describe the offense in the words of the statute. *State v. Packard,* 4 Or. 157, 160; *State v. Branton,* 49 Or. 86, 88, 87 P. 535; *State v. Bailey,* 115 Or. 428, 433, 236 P. 1053; *State v. Burke,* 126 Or. 651, 676, 269 P. 869, 270 P. 756. Sometimes, however, a statement of the particular circumstances of the crime is necessary in order to charge the defendant with having committed specific acts bringing him within the condemnation of the statute, and in those cases the indictment must be direct and certain as to such circumstances. Section 26-706 (3), O. C. L. A.; *State v. Branton,* supra; *State v. Burke,* supra. It is not sufficient, for example, that the indictment undertake to describe the crime by the use of mere generic terms; it must "descend to particulars". *United States v. Cruikshank,* 92 U. S. 542, 23 L. ed. 588; *United States v. Simmons,* 96 U. S. 360, 24 L. ed. 819; *United States v. Hess,* 124 U. S. 483, 31 L. ed. 516, 8 S. Ct. 571.

■ The indictment in the instant case sets forth that Mike Rose was employed by Stebco, Inc. It does not state the nature of the employment nor the nature of

the business of the employer. It is insisted that, if Rose was employed in an unlawful business or matter, interference with such employment would not have been a criminal offense. From this, it is argued that the indictment should have alleged affirmatively that the business and employment were lawful. That would be true if the statute had provided specifically that it was applicable only to interference with lawful business or employment. It does not so provide. There is a legal presumption that the business and employment in question were lawful. Section 2-407 (1), O. C. L. A.; *Holder v. Harris,* 121 Or. 432, 442, 248 P. 145, 253 P. 869, 254 P. 1021. An indictment need not allege matters which the law presumes. Section 26-716, O. C. L. A.

In *Breeland v. State,* 79 Miss. 527, 31 So. 104 (cited by defendant), in which the defendants were indicted for violation of a statute somewhat similar to ours, the court said:

"* * * We think it essential, under this act, that the indictment should define in some general terms the nature of the business conducted by the Banner Lumber Company, and should allege that the persons attempted to be intimidated were in the employment of the Banner Lumber Company, in the business specified as being conducted by it, and, of course, it should be a business allowed by law; * * *."

The opinion states definitely, however, that the indictment did not allege that the persons whose intimidation was attempted were in the employment of anyone at all. It is not clear that the court's incidental comment, that the business "should be a business allowed by law", was intended as an expression of opinion that the legality of the business should have been al-

leged in the indictment. If it was so intended, we are not prepared to accept the opinion as authoritative on that point in the case at bar. Here, the employment of Rose by Stebco, Inc., was clearly set forth in the indictment. If such employment was unlawful, we think that that was a matter of defense.

Defendant cites, further, *Luter v. State,* 32 Tex. Cr. 69, 22 S. W. 140 in which case an information charging the accused with having prevented or attempted to prevent another, by threats and intimidation, "from engaging and remaining [in] and performing the duties of a lawful employment", was held to be insufficient, in that the nature of the "lawful employment" should have been set forth. There, however, the statute was specifically directed against coercive acts preventing or attempting to prevent a person "from performing the duties of any lawful employment", and, therefore, the fact that the employment was lawful was a part of the statutory definition of the offense. In *City of Astoria v. Malone,* 87 Or. 88, 169 P. 749 (also cited by defendant), it was held that, where a city ordinance, for the violation of which the defendant was prosecuted, contained an exception to its operation, it was necessary for the complaint to negative such exception, and that the use of the word "unlawfully" in characterizing the defendant's acts could not supply the omission of such negative. The case is not in point. The statute under discussion in the present case contains no exceptions.

■ As for the objection that the indictment does not specify upon whom the force, threats and intimidations were exerted, we think that it is without merit. A fair interpretation of the language used indicates that it charged the defendant with using force, threats and intimidations against Rose personally.

It is contended that the charge that defendant, by force, etc., endeavored to prevent Rose from continuing and performing his work, stated legal conclusions only, and that the acts constituting the force, etc., should have been alleged in order to "enable a person of common understanding to know what is intended". Sections 26-703 (2) and 26-714 (6), O. C. L. A. *State v. Packard,* supra, (4 Or. 157) is cited in support of this contention. In that case, the defendant, a county clerk, was indicted for unlawfully charging the county a certain sum of money for official services performed by him as county clerk, for which services the county had theretofore fully compensated him. It was held that to charge that the defendant took money for official services, and that such money was more than permitted by law, was to plead conclusions; and that, unless the indictment was direct and certain in charging the acts which constituted the offense, the fact that it described the offense in the words of the statute was not enough. The objectionable conclusion was that the defendant charged, for official services, more money than was permitted by law. The court held that the indictment should have averred, as an essential issuable fact, what were the particular services for which the money was charged, and that only from such an averment could the conclusion lawfully be drawn that the defendant charged the county an excessive sum for some official service or duty. It was held that a motion in arrest of judgment, based on the ground that the indictment failed to state facts sufficient to constitute a crime, should have been allowed. The value of the case as authority here is weakened, however, by the fact that the reasoning of the court shows that what it actually held was that the insufficiency of the indictment lay in its lack of that

definiteness and certainty required by sections 69 and 72 of the Criminal Code (sections 26-703 and 26-706, O. C. L. A., which are portions of chapter 7 of Title 26, O. C. L. A.), rather than that it failed to state facts sufficient to constitute a crime. The impropriety of urging such indefiniteness and uncertainty by means of a motion in arrest of judgment based upon failure of the indictment to state facts sufficient to constitute a crime does not appear to have been suggested to or passed upon by the court.

■ Under our law, an indictment must be direct and certain in regard, among other things, to the crime charged and to the particular circumstances thereof when they are necessary to constitute a "complete" crime. Section 26-706, O. C. L. A. In *State v. Dougherty,* 4 Or. 200, the defendants were indicted for unlawfully and feloniously aiding and being concerned in setting up and managing a lottery. They demurred to the indictment upon the ground that it failed to set forth the particular acts constituting the alleged crime. This court held that the demurrer should have been sustained, saying:

> "* * * By what *act* did they [the defendants] aid and in what *manner* were they engaged in setting up the forbidden scheme? What was the *nature* of the lottery scheme referred to? The language of the indictment answers none of these questions. How could the defendants, with any certainty, prepare for their defense? * * *"

■ We agree that, in the case at bar, the indictment should have set forth clearly and distinctly the particular acts, words, or other coercive matters constituting the alleged force, threats, and intimidations. 62 C. J., Threats and Unlawful Communications, section 37. The

facts stated, however, following the language of the statute, did constitute a crime.

"When we say of a person, 'He stole a horse,' we are not merely uttering a conclusion of law, but stating a fact in language that everybody, from the college professor to the common laborer, can understand. * * * "

*State v. Minnick*, 54 Or. 86, 91, 102 P. 605.

See also *State v. Goodall*, 82 Or. 329, 331, 160 P. 595 ("cruelly torment and torture a cow").

In Oregon, a defendant may plead to an indictment only by demurrer or by plea. Section 26-830, O. C. L. A. The permissible grounds of demurrer include: That the indictment does not conform to the requirements of chapter 7 of Title 26 of the Code, and that the facts stated do not constitute a crime. Section 26-832, (2) and (3), O. C. L. A.

 Section 11 of the bill of rights (Art. I, section 11, Oregon Constitution) provides that, in all criminal prosecutions, the accused shall have the right to demand the nature and cause of the accusation against him. The opportunity which the statute gives an accused to question the sufficiency of an indictment as to definiteness and certainty, by demurrer on the ground that it does not conform to the provisions of chapter 7 of Title 26 of the Code (sections 26-701 to 26-722, inclusive, O. C. L. A.), meets the requirements of the bill of rights in this respect. If he fails to avail himself of that opportunity, he cannot complain afterwards. *People v. Bogdanoff*, supra (254 N. Y. 16, 171 N. E. 890, 69 A. L. R. 1378). The failure of the indictment to set forth the particular acts constituting the offense charged is waived by not making timely objection thereto, as, for example, by failing

to demur upon that ground before pleading to the merits. 42 C. J. S., Indictments and Informations, section 307; *Case v. United States* (C. C. A. Or.) 6 F. (2d) 530.

In *State v. Goodall*, supra (82 Or. 329, 160 P. 595) the defendant was tried in Justice's Court upon an information charging simply that he "did * * * cruelly torment and torture a cow". He demurred upon the ground that the information did not state facts sufficient to constitute a crime. The demurrer was overruled, and, on trial, he was found guilty. Upon appeal to the circuit court, his demurrer was again argued and overruled. He then, without leave of court, demurred on the ground, according to the opinion, that the information did not conform to chapter 7 of Title 18 of the Code of Procedure in Criminal Actions (sections 1294 to 1300, inclusive, B. and C. Code; sections 26-601 to 26-607, inclusive, O. C. L. A.). (That chapter has reference to the manner of finding and presentation of an indictment. It seems to be evident, however, that the demurrer was intended to raise insufficiency of the indictment under chapter 8 of Title 18, B. and C. Code—chapter 7 of Title 26, O. C. L. A.—as the opinion states that the defendant's criticism was that the acts constituting the alleged cruelty were not set forth with sufficient particularity therein.) On motion of the district attorney, the demurrer was stricken. On appeal, this court held that there was no error in overruling defendant's original demurrer, as the complaint (information) was in the language of the statute, and "the facts stated * * * show that the defendant has done something that the law prohibited", and that the court did not err in striking defendant's second demurrer (that based upon the ground that the facts were not set forth with sufficient particularity) from

the files, as the statute contemplated but one demurrer, and objections not specified therein are waived unless they go to the jurisdiction of the court or to the point that the facts stated do not constitute a crime. This court has adhered consistently to such holding. Cf. *State v. Miller,* 119 Or. 409, 243 P. 72; *State v. Estabrook,* 162 Or. 476, 91 P. (2d) 838; *State v. DuBois,* 175 Or. 341, 153 P. (2d) 521.

.In *State v. Keller,* 143 Or. 589, 596, 21 P. (2d) 807, there appears dictum to the effect that a demurrer on the ground that the indictment did not conform to the requirements of Chapter VII of Title XIII, Oregon Code 1930 (chapter 7 of Title 26, O. C. L. A., sections 26-701 to 26-722, O. C. L. A.), and an objection to the introduction of evidence based on the ground that the indictment did not state facts sufficient to constitute a crime involved but a single question, viz., did the indictment state facts sufficient to constitute a crime? It should be apparent from the discussion hereinabove that this statement, while it may have been not altogether inappropriate in its context, is not to be regarded as a rule of pleading in criminal cases.

We find no error in the record of the case at bar. The judgment is affirmed.

WINSLOW, J., did not participate in this opinion.