Argued July 8, reversed and remanded December 12, 1969

# STATE OF OREGON, *Respondent, v.*
# MARY DAVIS, *Appellant.*

462 P.2d 448

*Hardy Myers, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Rives & Schwab, Portland.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before LANGTRY, Presiding Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FOLEY, J.

Defendant Mary Davis was found guilty by a jury of second degree murder for causing the death of her 20-month-old son, Matthew. A recitation of the facts adduced at trial which occupied some three weeks is not necessary. It is sufficient to say that it discloses grievous inattention of the mother to the child, unconscionable neglect in failing to continue medical attention and extremely poor judgment in the care and feeding of the child.

The indictment under which defendant was found guilty charged first degree murder. It was brought under ORS 163.010(1) which provides:

"Any person who purposely, and of deliberate

and premeditated malice * * * kills another, is guilty of murder in the first degree."

The charging portion of the indictment is as follows:

"* * * [T]he said MARY DAVIS on or about the 22nd day of March, A.D. 1967, in the County of Multnomah and State of Oregon, and being the mother of, and having the care and control of Matthew J. Davis, a minor child under the age of two years, did unlawfully, feloniously, and with deliberate and premeditated malice kill the said Matthew J. Davis by wilfully, purposely and maliciously failing and refusing to secure and provide the said Matthew J. Davis with the care, guidance and protection necessary for his physical, mental and emotional well-being * * *."

■ Defendant demurred to the indictment on the ground that it did not substantially comply with ORS 132.520(2), 132.530 and 132.540(1)(f). These statutes set forth the requirements for indictments of "conciseness, clarity and certainty." *State v. Taylor,* 224 Or 106, 109, 355 P2d 603 (1960). The statutes read as follows:

ORS 132.520:

"The indictment * * * shall contain:

"* * * * *

"(2) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

ORS 132.530:

"The indictment must be direct and certain as to the party charged, the crime charged and the particular circumstances of the crime charged when

such circumstances are necessary to constitute a complete crime."

ORS 132.540: .

"(1) The indictment is sufficient if it can be understood therefrom that:

"* * * * *

. "(f) The act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended and with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case * * *."

The question raised is whether that part of the indictment setting forth the means allegedly employed by defendant in causing the death expressed those means sufficiently to enable defendant to prepare her defense.

"* * * 'The purpose of an indictment is to clearly and definitely apprise a person of the crime with which he is charged, in order that he may prepare his defense' * * *." *State v. Schriber,* 185 Or 615, 636, 205 P2d 149 (1949).

The question presented is whether the language,

"failing and refusing to secure and provide the said. Matthew J. Davis with the care, guidance and protection necessary for his physical, mental and emotional well-being",

is sufficiently clear to advise the accused of the acts or failures to act which the state would attempt to prove. The quoted language above is taken from ORS 419.476(1)(e) relating to children within the jurisdiction of the juvenile court. It furnishes no guidelines as to what conduct on the part of a mother is

necessary for the physical, the mental or the emotional well-being of her child. Charging a crime in the language of the statute has been upheld but the Supreme Court of Oregon has made clear that when it speaks of statutory recitals in indictments it is referring to recitals from the statute under which the defendant is charged. *State v. Smith,* 182 Or 497, 188 P2d 998 (1948). Defendant in this case was charged under ORS 163.010, the first degree murder statute.

In *Smith,* supra, the indictment charged defendant did

"* * * wilfully and unlawfully by force, threats and intimidations endeavor to prevent one Mike Rose from continuing and performing his work * * *." 182 Or at 499-500.

The court stated generally that:

"* * * It is not sufficient * * * that the indictment undertake to describe the crime by the use of mere generic terms; it must 'descend to particulars' * * *." 182 Or at 502.

The indictment against defendant in no way descends to particulars. It does not state what omissions the state would attempt to prove as a proximate cause of the child's death. Defendant could be held accountable for every act or omission since the birth of the child which the jury might find came within the open-ended charge. It provides defendant with little help in making her defense without speculation and guesswork and little, if any, guidance for the trial court in determining what matters were or were not embraced by the charge.

■ The Supreme Court of Oregon has permitted indictments otherwise fatally indefinite to stand against the demurrer if the grand jury cannot charge more

specifically. *State of Oregon v. Dougherty,* 4 Or 200 (1871). But the grand jury must recite its inability in the indictment. *State v. Schwensen,* 237 Or 506, 392 P2d 328 (1964). The grand jury made no such recital in the present case.

■ In determining whether the indictment is sufficient against the demurrer, the state urges that this court should consider how the case progressed at trial. It is conceded that defendant was well represented and met all issues raised by the evidence introduced by the state. But that is not the test. Upon demurrer the validity of an indictment cannot be tested by what may happen at the trial but solely by what it charges within its four corners at the time it is considered by the court. The statute requires a statement of "the particular circumstances of the crime charged when such circumstances are necessary to constitute a complete crime." ORS 132.530. The indictment in this case did not meet this test. The demurrer filed herein specifically challenged the indictment under the above section and it was error to have overruled it.

Because this case must be sent back for further proceedings, if indicated, it seems important to discuss the other assignment of error which challenges the instruction on second degree murder. The court instructed as follows:

"A specific intent to kill is not a material element of the crime of second degree murder, but it is necessary to prove beyond a reasonable doubt that there was an intent and a purpose to pursue a specific course of conduct, and that the course of conduct followed was the cause of death of the deceased."

Defendant excepted to this instruction because she said it "* * * excludes intent to kill from one of

the elements of this crime of murder in the second degree, for the reason that the statute clearly provides that the crime is manslaughter."

Second degree murder is defined by ORS 163.020 (1):

> "Any person who kills another purposely and maliciously but without deliberation and premeditation, or in the commission or attempt to commit any felony other than rape, arson, robbery or burglary, is guilty of murder in the second degree."

■■ The challenged instruction commences with the statement:

> "A specific intent to kill is not a material element of the crime of second degree murder * * *";

whereas the statute provides:

> "Any person who kills another *purposely* * * *." (Emphasis supplied.)

Purposely means intentionally. *McWilliams v. Gladden,* 242 Or 333, 345-46, 407 P2d 833 (1965). The instruction, therefore, starts out under a severe handicap since it negatives the requirement of a *specific* intent to kill. This in itself is not fatal, however. In second degree felony murder cases there need be no specific intent to kill. ORS 163.020 (1). The Oregon Supreme Court has said:

> "* * * [T]he ultimate purpose may be to effect the * * * felony, and although there may be no purpose or specific intent to kill, if the killing is done in the commission of the alleged felony it will nevertheless be murder in the second degree * * *." *State v. Morris,* 83 Or 429, 445, 163 P 567 (1917).

In these cases the only intent required is intent to commit the felony.

· Likewise, there are cases where an intent to kill is inferred or presumed from the proof of certain acts, as where the accused shoots at one person and kills another. *State of Oregon v. Murray,* 11 Or 413, 5 P 55 (1884); *State of Oregon v. Brown,* 7 Or 186 (1879). Or if there exists a specific intent to kill by a certain means (carbon monoxide poisoning) and in the use of such means death results by a means not intended (crushing deceased with an automobile), the crime of murder has been committed. *State of Oregon v. Hansen,* 195 Or 169, 208, 209, 244 P2d 990 (1952).

■ However, when the instruction begins by negating a specific intent to kill, in order to fairly and accurately state the law, it must also set forth the intent which is required in second degree murder, bearing in mind that the statute requires an intention to kill.

The second clause of the challenged instruction,

"* * * but it is necessary to prove beyond a reasonable doubt that there was an intent and a purpose to pursue a specific course of conduct, and that the course of conduct followed was the cause of death of the deceased.",

says nothing about an intent to kill. The instruction given failed to tell the jury that an intent to kill is a necessary element of second degree murder and failed to give them the guidelines from which an intent to kill might be presumed or inferred. In fact, the instruction on second degree murder did not even include a proper definition of manslaughter which is normally considered a lesser included offense of second degree murder. The instruction was erroneous and prejudicial.

Reversed and remanded for a new trial.①

---

① See State v. Mims, 235 Or 540, 547, 385 P2d 1002 (1963), and State v. Eddy, 46 Or 625, 81 P 941, 82 P 707 (1905).