Argued September 14, affirmed September 28, 1960

# STATE OF OREGON *v.* TAYLOR

355 P. 2d 603

*Lawrence Osterman,* Salem, argued the cause and submitted a brief for appellant.

*C. L. Marsters,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

O'CONNELL, J.

This is an appeal from a judgment of conviction of the crime of escape from the lawful custody of an officer of the Oregon State Penitentiary. ORS 162.340. The indictment reads as follows:

> "ANDREW TAYLOR is accused by the Grand Jury of the County of Marion and State of Oregon, by this indictment of the crime of ESCAPE FROM THE OREGON STATE PENITENTIARY committed as follows:
>
> "The said ANDREW TAYLOR on the 5th day of August, 1957, in the County of Marion and State of Oregon then and there being, and then and there being a person sentenced to serve a term in the Oregon State Penitentiary at Salem, Oregon and not then and there being confined in the Oregon State Penitentiary or in lawful custody going to or from said penitentiary, and then and there being in the lawful custody of officers of such Oregon State Penitentiary, did then and there wilfully, unlawfully and feloniously escape from the custody of said officers, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the state of Oregon."

At the time of the escape charged in the indictment defendant was serving a sentence in the Oregon State

Penitentiary. On August 5, 1957, defendant and Miller, another inmate of the penitentiary, appeared in the circuit court of Marion county to present their respective cases on writs of habeas corpus. After defendant had presented his case and was returning to his seat in the courtroom he struck one of the three prison guards who had been entrusted with defendant's custody, and defendant and Miller fled from the courtroom. Defendant was captured later and was charged with the crime described in the indictment. Defendant being indigent, the court appointed counsel to defend him. The present counsel, Mr. Lawrence Osterman, is the tenth of such appointed counsel, the others having withdrawn because defendant was not satisfied with their services. Prior to and during the course of the trial defendant requested that Mr. Osterman be removed as his attorney. Those requests were denied. Thereafter defendant acted as his own counsel in examining witnesses, in addressing the jury and in other aspects of the trial of his case. Mr. Osterman interposed the defense of insanity on behalf of the defendant only to have the defendant inform the jury that he intended to prove that he was not insane. Counsel has been confronted with further similar obstacles on appeal.

■ The principal assignment of error attacks the sufficiency of the indictment, a defense which was raised by demurrer below. The indictment purports to charge the commission of a crime under ORS 162.340 which reads as follows:

"*162.340 Escape or aiding escape from state institutions.* (1) Every person confined in the penitentiary or in the correctional institution or in lawful custody going to or from the penitentiary or correctional institution who breaks the prison

or custody, or who escapes or attempts to escape from the prison or custody, or who aids or assists any person to escape or attempt to escape therefrom, shall be punished upon conviction by imprisonment in the penitentiary for a term of not more than 10 years.

"(2) Every person who aids or assists any inmate of the MacLaren School for Boys, the Hillcrest School of Oregon, the Oregon State Hospital, the Eastern Oregon State Hospital, or the Oregon Fairview Home, or any person in lawful custody going to or from any of these institutions, to escape or attempt to escape, shall be punished upon conviction by a fine of not more than $1,000 or by imprisonment in the county jail for a term of not more than one year, or both.

"(3) Every person sentenced to serve a term in the penitentiary or in the correctional institution who escapes or attempts to escape therefrom, or from the custody of the officers of such institution or from the lawful custody of any officer, without being guilty of the crime described in subsection (1) of this section, shall be punished upon conviction by confinement in the penitentiary for a period not to exceed three years."

It is obvious that the indictment was framed in such a way as to expressly exclude the crime described in subsection (1) of ORS 162.340 and to charge the crime described in subsection (3) of that section. We are of the opinion that the indictment is sufficient to satisfy the requirements of conciseness, clarity and certainty demanded by ORS 132.520, 132.530 and 132.540. *State v. King,* 165 Or 26, 103 P2d 751 (1940); *State v. DuBois,* 175 Or 341, 153 P2d 521 (1944); *Smith v. Smith,* 182 Or 497, 188 P2d 998 (1948).

■ Defendant moved to dismiss the indictment on the ground that the state failed to prove the acts constituting the crime, and also that the state failed to

establish the proper venue of the crime, there being no evidence that the alleged crime was committed in Marion county. There was sufficient proof that defendant had been sentenced to serve a term in the penitentiary, that the term had not expired, that defendant was in the lawful custody of officers of the penitentiary and that at the time of his escape from the custody of such officers he was not confined in nor going to or from the penitentiary. Each element of the crime was established. There was sufficient evidence to establish venue; we shall take judicial notice that the courtroom in which Judge Sloper presided, which was the site of the crime, is located in Marion county.

 Defendant next alleges that the trial court erred in failing to commit the defendant to the Oregon State Hospital in accordance with the provisions of ORS 136.150 and 136.160. ORS 136.150 provides as follows:

> "*136.150 Mental condition at time of trial.* If before or during the trial in any criminal case the court has reasonable ground to believe that the defendant, against whom an indictment has been found or an information filed, is insane or mentally defective to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately fix a time for a hearing to determine the defendant's mental condition. The court may appoint one or more disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party."

Whether an insanity hearing as provided for in the sections cited is advisable or necessary is within the

discretion of the trial judge reasonably exercised. *State v. Nelson*, 162 Or 430, 92 P2d 182 (1939); 5 Wharton, Criminal Law and Procedure, pp 161-165 (1957); Pederson, The Opinion Evidence Rule in Oregon As It Relates to Cases Involving Medical Matters and Insanity, 33 Or L Rev 243, 277-78 (1954). We find no abuse of discretion in this case. The transcript reveals that defendant was alert to any device which would benefit his defense. His unreasonable conduct during the trial could have been attributed to his insanity or, as seems more likely, to a cunning design to harass the court and impede the administration of justice. The trial judge was in a position to observe the defendant and evaluate his conduct. It is not shown that his discretion was exercised unfairly or without foundation.

Finally, defendant assigns as error the failure of the court to give certain requested instructions. We have examined these instructions and find that the substance of most of them was given and that the others were defective.

There being no error, the judgment of the lower court must be affirmed.

Judgment affirmed.