Argued January 23, affirmed February 19, 1970

.STATE OF OREGON, *Respondent, v.*
GARY WAYNE ARNDT, *Appellant.*

465 P. 2d 486

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Defendant was convicted in a consolidated trial under separate indictments of rape and unarmed robbery. Defendant waived jury trials, pleading not guilty and not guilty by reason of insanity. The court found that defendant "is a mentally ill person" but that "he was not psychotic, and * * * that he knew the nature and quality of his act, and that he knew the difference between right and wrong at the time of * * * the act."

From the evidence it appears that the defendant, who was 21 years of age at the time of trial, had spent most of the time since his twelfth birthday in a training school and the penitentiary. He testified that in the penitentiary he was able to obtain and inject his veins with extensive amounts of narcotic and stimulative drugs. With reference to his insanity plea, the trial court had committed him to the Oregon State Hospital for diagnosis previous to trial. Three psychiatrists who had examined him (one of whom had had extensive experience in treating him), testified. The defendant, depending upon which of his statements could be believed, had taken 400 to 600 milligrams of Thorazine immediately before coming to court. Whatever the amount, the psychiatrists thought that he had received a massive dosage, such as would make a person appear incoherent and drunk if his body were not attuned to the use of drugs. But he alertly responded

to questions. The testimony of the psychiatrists who observed him in the courtroom, and the observations of the trial judge, indicate that the dosage of Thorazine apparently did not have a seriously depressing effect on the defendant.

The only error assigned is that when it appeared in the evidence that the defendant had taken a massive dosage of Thorazine before he came to court, the trial judge, on his own motion, should have immediately proceeded to a separate hearing to determine whether defendant was able to understand the proceeding and assist in his defense. ORS 136.150 provides for such an immediate hearing, if the trial court "has reasonable ground to believe that the defendant" may not be able to understand the proceedings and assist his counsel. *State v. Taylor*, 224 Or 106, 110-11, 355 P2d 603 (1960), holds that whether such a hearing is necessary "is within the discretion of the trial judge reasonably exercised." In that case the court observed that the transcript indicated that the defendant was alert and said discretion was properly exercised when the trial judge did not hold a hearing under ORS 136.150. *State v. Hancock*, 247 Or 21, 426 P2d 872 (1967), relates that the defendant received tranquilizers before, during, and after the trial. After trial, defendant sought a new trial, alleging irregularity because he had taken the tranquilizers. The court held:

> "* * * [I]f during his trial or any part thereof this defendant because of the narcotic effect of the tranquilizers being administered to him was deprived of his ability * * * to comprehend the nature of the proceedings and to assist in his own defense * * * his conviction cannot stand." (Citing *State v. Murphy*, 56 Wash2d 761, 355 P2d 323 (1960)). 247 Or at 28.

The court then held that the evidence did not justify a new trial and that the court's discretion was properly exercised.

The instant case is controlled by these precedents. Though the dosage of Thorazine which the defendant took was massive, it did not impair his ability to understand and assist in his defense. On direct examination, the defendant, answering "What would thorazine do for you?", replied, "Nothing, just drags me way down and depresses me, kind of knocks out nervousness." This testimony was given in the morning. The defendant's testimony was interrupted to allow doctor's testimony. Defendant was cross-examined much later. Then, explaining how much of the drug he had taken, he said:

"No, six 100. That doesn't phase me. I can take a thousand milligrams at one time and it won't do anything to me."

Judging by the responses of the defendant in his testimony, as shown by the transcript, we agree.

The judgment is affirmed.