Argued and submitted January 24, judgment vacated and remanded for further proceedings June 6, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## CRAIG JOHN GILMORE,
*Appellant.*

(CR8-1781-JT; CA A60977)

792 P2d 1242

Glenn N. Solomon, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals his convictions for assault of a public safety officer, ORS 163.208, and resisting arrest. ORS 162.315. We vacate the judgment and remand.

The day before trial, scheduled for April 20, 1989, defendant's attorney filed a motion for determination of fitness to proceed and for an order appointing a psychiatrist to examine defendant. The motion was accompanied by the attorney's supporting affidavit which described specific instances of defendant's erratic behavior in the week preceding trial[1] and concluded that defendant was not fit to proceed and should receive a mental examination to determine whether he was competent to stand trial. ORS 161.360.[2] The trial court clerk apparently presented the motion to the court with a note attached which read, "What shall I do w/ trial?" The court responded by writing on the note, "Motion Denied/filed too late/JJT." Defendant argues that the court abused its discretion in denying his motion without a hearing and psychiatric examination.

Although the decision whether to order a mental status examination is in the court's discretion, *see State v. Arndt,* 1 Or App 608, 465 P2d 486 (1970), ORS 161.360(1) requires the court, if it has "reason to doubt the defendant's fitness to proceed by reason of incompetence," to exercise its discretion whether to order a mental examination.

Defendant's attorney's motion and affidavit called into question defendant's fitness to proceed. Instead of addressing the issue of defendant's fitness, the court simply

---

[1] The affidavit states that defendant had had conversations with a nonexistent person in the presence of the attorney and said that giant "insect/animal" creatures were pursuing him.

[2] ORS 161.360 provides:

"(1) If, before or during the trial in any criminal case, the court has reason to doubt the defendant's fitness to proceed by reason of incompetence, the court may order an examination in the manner provided in ORS 161.365.

"(2) A defendant may be found incompetent if, as a result of a mental disease or defect, the defendant is unable:

"(a) To understand the nature of the proceedings against the defendant; or

"(b) To assist and cooperate with the counsel of the defendant; or

"(c) To participate in the defense of the defendant."

concluded that the motion was untimely. ORS 161.360(1) makes it clear that the motion is not untimely at any time "before or during the trial in any criminal case." The state concedes that the court's ruling that the motion was untimely was incorrect. The court did not discharge its duty to assess defendant's fitness to proceed.

The state contends that, nonetheless, the court did not err, because the record shows that defendant did not renew his motion at trial. The state also argues that the record does not reveal any unusual behavior of defendant at trial or that his attorney had trouble communicating with him. Even if that were all so, the court still had the duty to determine if defendant was fit to proceed.

We vacate the judgment and remand the case for a *nunc pro tunc* determination as of April 20, 1989, of defendant's fitness to proceed. If the court determines that he was fit on that date, it shall reinstate the judgment. If the court determines that he was not fit, he is entitled to a new trial.

Judgment vacated; remanded for further proceedings not inconsistent with this opinion.