340 F.3d 998
 Michael Ray Lounsbury, Petitioner-Appellant,
v.
Frank S. Thompson, Respondent-Appellee.
 No. 02-35863.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 2003 — Portland, Oregon.
 Filed August 22, 2003.
 
 Christopher Schatz, Assistant Federal Public Defender, Portland, Oregon, for the petitioner-appellant.
 Timothy Sylwester, Assistant Attorney General, Salem, Oregon, for the respondent-appellee.
 Before: Alfred T. Goodwin, Procter Hug, Jr., and Marsha S. Berzon, Circuit Judges.
 OPINION
 GOODWIN, Circuit Judge.
 
 
 1
 Michael Lounsbury appeals the denial of his habeas petition, which alleges substantive and procedural errors affecting the determination of his competency to stand trial.
 
 BACKGROUND
 
 2
 In December 1991, Lounsbury was indicted on 11 counts of aggravated murder for killing Adrienne Thomas in Portland, Oregon. The state trial court held three hearings to determine whether Lounsbury was mentally fit to stand trial.
 
 
 3
 Under Oregon law, if a court "has reason to doubt the defendant's fitness to proceed by reason of incapacity," the court may order an examination by a psychiatrist or a psychologist, and may commit the defendant to a state mental hospital for a competency evaluation. Or. Rev. Stat. § 161.365. "Incapacity" may be found if, as a result of mental disease or defect, the defendant is unable:
 
 
 4
 (a) To understand the nature of the proceedings against the defendant; or
 
 
 5
 (b) To assist and cooperate with the counsel of the defendant; or
 
 
 6
 (c) To participate in the defense of the defendant.
 
 
 7
 Or. Rev. Stat. § 161.360. Oregon's statutes are silent, however, as to the burden of proof for finding incompetency.
 
 
 8
 At the first hearing, on July 23, 1992, the defense presented two mental health experts who opined that although Lounsbury was mentally ill, he probably understood the legal proceedings and his part in them. Following the recommendation of one of these experts, the court deferred determination of Lounsbury's competency in order to ascertain whether antipsychotic medication would improve Lounsbury's ability to assist in his own defense.
 
 
 9
 At the second hearing, on September 9, 1992, the state attempted to show that Lounsbury was malingering. The prosecutor called two police officers and a fellow inmate who had observed Lounsbury's behavior before and after the date of the crime. The defense recalled its two experts. One of the experts testified that Lounsbury understood the role of the judge and the attorneys, as well as court procedures and the charges against him, but he nonetheless was unable to aid and assist in a "meaningful" way. The other expert, Dr. Edward Colbach, was more equivocal — he stated that he was "not comfortable saying that [Lounsbury was] competent to stand trial" — and admitted that this tentative conclusion was influenced by his belief in the honesty of Lounsbury's attorneys. Dr. Colbach also opined that medication was unlikely to improve Lounsbury's mental state. The court once again deferred the competency determination and committed Lounsbury to the Oregon State Mental Hospital (OSMH) for a competency evaluation. Lounsbury was institutionalized from September 14 to October 27, 1992.
 
 
 10
 At the final competency hearing, on February 5, 1993, the court heard from Dr. Richard Hulteng of the OSMH, who opined that Lounsbury was probably malingering, and in any case, was competent to stand trial. He also testified that the symptoms reported by the defense experts lessened or disappeared in the course of Lounsbury's stay at the OSMH. At the hearing, the state also argued that the burden of proof to show incompetency lay with the defense because Oregon Rule of Evidence 311 presumes that a defendant is competent. The court disagreed, and observed that "the order of proof is a matter of discretion with the Court." The court then ruled that Lounsbury was competent.
 
 
 11
 Lounsbury proceeded to trial. The jury convicted him in March 1993, rejecting his insanity defense. He appealed his conviction to the Oregon Court of Appeals. His appeal included an assertion that the trial court erred in failing to articulate the proper burden of proof in his competency hearing and in determining that he was competent to stand trial. The Oregon Court of Appeals affirmed without opinion.
 
 
 12
 In his petition to the Oregon Supreme Court, Lounsbury raised the following issue relevant to this appeal: "Must the trial court adopt a burden of proof when determining whether a defendant is competent to proceed to trial?" The Oregon Supreme Court denied review.
 
 
 13
 After making his way through state post-conviction proceedings,[1] Lounsbury raised the following federal claims in district court:
 
 
 14
 Petitioner was denied due process of law and equal protection of the law as guaranteed under Amendments V and XIV to the United States Constitution.
 
 
 15
 * * *
 
 
 16
 a. The trial court required [Petitioner] to go forward to trial even though Petitioner's trial counsel told the court that he was not able to aid and assist in his own defense.
 
 
 17
 b. The court applied a standardless test, including no identifiable burden of proof, in making its determination as to Petitioner's fitness to proceed.
 
 
 18
 The district court held that claim a. was procedurally defaulted because it was not included in his petition for review to the Oregon Supreme Court. Relying in part on Peterson v. Lampert, 277 F.3d 1073, 1074 (9th Cir.2002), vacated by 295 F.3d 933 (2003), the court rejected Lounsbury's assertion that the question regarding his fitness is a "necessary corollary" to the burden of proof issue that was raised in his petition for review. The court next considered claim b. and held that United States Supreme Court precedent did not require specific recital of the allocation of the burden of proof in the record of a competency hearing.
 
 PROCEDURAL DEFAULT
 
 19
 Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas relief to a state prisoner is not available unless the state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA requires federal courts to accord considerable deference to a state court's adjudication of federal issues. However, where, as here, the state courts' decisions are rendered without providing a rationale, we must undertake an independent review of the record. Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir.2000).
 
 
 20
 Lounsbury assigns error to the district court's determination that his due process claim has been procedurally defaulted. To obtain federal habeas relief, a state petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). A petitioner is deemed to have exhausted state remedies if he makes a fair presentation of his federal claims to the state courts. Peterson, 319 F.3d at 1155-56. As a general matter, fair presentation requires that a state's highest court have "a fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect." Picard v. Connor, 404 U.S. 270, 276 (1971); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (requiring that petitioner "alert" the state courts of the constitutional issues that are on appeal). In this case, the question is whether Lounsbury's federal claim was logically contained within his petition for review and, therefore, fairly presented.
 
 
 21
 Competency disputes can give rise to two distinct claims — substantive and procedural — that trigger different analyses under the Fifth and the Fourteenth Amendments. See Williams v. Woodford, 306 F.3d 665, 704-05 (9th Cir.2002); see also Walton v. Angelone, 321 F.3d 442, 459 (4th Cir.2003) ("Competency claims can raise issues of both procedural and substantive due process."). In addition, at least one court has noted that a procedural claim imposes a lesser burden of proof on a habeas petitioner because he need not show that he was actually incompetent when tried and convicted. See Gilbert v. Mullin, 302 F.3d 1166, 1178 (10th Cir.2002). It does not necessarily follow, however, that the two claims are not sufficiently related to one another that exhausting on the procedural claim does not exhaust the substantive claim as well.
 
 
 22
 Although Lounsbury limited his final state habeas appeal to a procedural challenge, the clear implication of his claim is that had the state court followed the required procedure, he would not have been found competent. Had the Oregon Supreme Court accepted Lounsbury's petition for review, we feel confident that it would have examined the alleged procedural defect to decide whether it resulted in an incorrect determination of competency. Cf. Brady v. Calloway, 501 P.2d 72, 75 (Or. App. 1972) (observing that once "reasonable ground" existed for a court to doubt mental competency of defendant, due process violation in failing to hold a hearing "necessarily included" the question of defendant's actual competency to waive indictment and plead guilty). Where the substantive claim was as intertwined with the procedural claim as they are here, we hold that Lounsbury made a fair presentation to the state courts of his claim that he was not competent to stand trial.
 
 
 23
 Our conclusion in this case does not conflict with our decision in Peterson v. Lampert. The petitioner in Peterson specifically limited the issue on state habeas review to a state constitutional question on "inadequate" assistance of counsel, citing to Oregon case law only. 319 F.3d at 1155. The en banc panel reasoned that the "clear language" and "explicit qualification" contained in his petition for review indicated that Peterson "made a deliberate, strategic choice not to present the federal issue in his petition." Id. at 1159.
 
 
 24
 Lounsbury's petition, on the other hand, included no such qualification, and unquestionably alleged a due process violation under the federal constitution. His petition also stated: "[D]efense counsel below argued that [Lounsbury] was not able to aid and assist. He clearly suffered from a mental condition." To read Lounsbury's petition for review without being aware of the substantive competency claim would be to overlook any harm that Lounsbury may have suffered from the alleged due process violation. We cannot assume that the Oregon Supreme Court would have so read the petition; nor can we conclude that any omission was the result of appellate counsel's strategic choice. Accordingly, we hold that the district court erred in deciding that Lounsbury's claim was barred by procedural default. It was presented, and rejected by the state courts. Cf. Wells v. Maas, 28 F.3d 1005, 1008 (9th Cir.1994) (concluding that, read in context, Wells' claim that his guilty plea was involuntarily made put state court on notice of his ineffectiveness of counsel claim).
 
 DUE PROCESS CLAIMS ON THE MERITS
 
 25
 As to Lounsbury's procedural claim on the allocation of the burden of proof, we agree with the district court that the state trial court reasonably applied federal law. See Medina v. California, 505 U.S. 437, 451 (1992) (holding that the state need not assume the burden of proof and that "it is enough that the State affords the criminal defendant ... a reasonable opportunity to demonstrate that he is not competent to stand trial."). The district court did not err in holding that the state court gave Lounsbury a full opportunity to show that he was incompetent.
 
 
 26
 Because the error in declaring a procedural default kept the district court from deciding Lounsbury's substantive competency claim, however, we remand this case to the district court to give it the opportunity to decide whether the state court denied Lounsbury due process in finding him competent to stand trial.
 
 
 27
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The Circuit Court of Oregon, Marion County, found that Lounsbury challenged the constitutionality of the competency determination on direct appeal but held that "[t]hose issues which were ... raised on direct appeal cannot be grounds for post-conviction relief." The state appellate court affirmed this order without opinion, and the Oregon Supreme Court again denied review